IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| APRIL BENNER,<br><br>                       Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF MASTR ASSET-BACKED SECURITIES TRUST 2007-NCW, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES, 2007-NCW, SELECT PORTFOLIO SERVICING, INC., and SPECIALIZED LOAN SERVICING LLC,<br><br>                       Defendants. | Civil Action No. _____ |

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Wells Fargo Bank, N.A., As Trustee for the Certificate Holders of MASTR Asset-Backed Securities Trust 2007-NCW, Mortgage Pass-Through Certificates, Series, 2007-NCW ("Wells Fargo") and Specialized Loan Servicing LLC ("SLS" and together with Wells Fargo, the "Defendants"), file this Notice of Removal of the captioned action from the Superior Court of Sagadahoc, Maine, where the action is now pending, to this Court and shows the Court the following:

      1.     Plaintiff April Benner ("Plaintiff") filed this action on or around August 24, 2016 in Sagadahoc County Superior Court.

      2.     Defendants were served with the Summons and Complaint in this action on August 30, 2016. A true and accurate copy of the Summons and Complaint are attached hereto

as Exhibits A and B, respectively. Thus, removal of this case is timely under 28 U.S.C. § 1446(b).[1]

3. This case is removable pursuant to 28 U.S.C. § 1441(a) as a civil action "of which the district courts of the United States have original jurisdiction."

4. The Court has original subject-matter jurisdiction over this case under 28 U.S.C. § 1331 because Plaintiff has asserted claims arising under the laws of the United States:

> a. Plaintiff alleges in her Complaint that SLS and SPS violated the provisions of the Real Estate Settlement Procedures Act ("RESPA"), specifically, 12 C.F.R. § 1024 *et. seq.* by failing to adequately respond and review Plaintiff's loss mitigation applications. *See* Complaint ¶¶ 159-186. While SLS denies that it violated this statute, Plaintiff's claims still arise under federal law. Therefore, federal jurisdiction exists. And, this Court has supplemental jurisdiction over any of Plaintiff's state law claims under 28 U.S.C. § 1367.

5. In addition, the Court has original subject-matter jurisdiction over this case under 28 U.S.C. § 1332 because the real parties in interest in this action are citizens of different states and the amount in controversy in this action exceeds $75,000, exclusive of interest and costs:

> a. Plaintiff is a resident of Bowdoin, Maine. *See* Complaint, ¶ 13.
>
> b. Wells Fargo is a national bank, having a principal place of business in South Dakota. *See McKenna v. Wells Fargo Bank, N.A.,* 693 F.3d 207, 212 (1st Cir. 2012) ("Wells Fargo is a citizen of South Dakota for diversity purposes."). For diversity purposes, a national bank's citizenship is based on the location of its principal office listed in its articles of

---

[1] Defendant Select Portfolio Servicing, Inc. ("SPS"), through its counsel, Adam J. Shub, Esq., consents to removal.

organization. *See* 28 U.S.C. § 1348 ("national banking associations" are "deemed citizens of the States in which they are respectively located."); *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318-19 (2006) (holding national bank is located for the purposes of diversity jurisdiction in the state of its principal offices listed in the articles of organization). Accordingly, Wells Fargo is treated as a citizen of South Dakota for purposes of determining whether this Court has subject matter jurisdiction over this action.

c. SLS is a limited liability company organized under the laws of the State of Delaware and has a principal place of business in Highlands Ranch, Colorado. For diversity purposes, "citizenship of a limited liability company is determined by the citizenship of all of its members." *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.,* 435 F.3d 51, 54 (1st Cir. 2006). SLS is a wholly owned subsidiary of Specialized Loan Servicing Holdings LLC ("SLS Holdings"). SLS Holdings is a limited liability company organized under the laws of the State of Delaware and has a principal place of business in Colorado. SLS Holdings' sole member is Computershare US Services, Inc., which is a Delaware Corporation with a principal place of business in Chicago, Illinois.

d. SPS is a Delaware corporate, with a principal place of business in Salt Lake City, Utah. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has

      been incorporated and of the State or foreign state where it has its principal place of business . . . ."). For diversity purposes, SPS is treated as a citizen of Delaware and Utah.

e. Consequently, Plaintiff and Defendants are considered citizens of different states for purposes of 28 U.S.C. § 1332.

f. The Complaint purports to allege claims for violation of RESPA, the Maine Consumer Credit Code (9-A M.R.S. § 9-311-A), and violation of the Unfair Trade Practices Act (5 M.R.S.A. § 205-A). Complaint ¶¶ 159-202. Specifically, Plaintiff alleges that on May 31, 2015, the servicing of Plaintiff's mortgage loan transferred from SPS to SLS. *Id.* ¶ 84. At that time, she alleges that a complete loan modification application had been submitted to SPS, but that it was not provided to SLS upon transfer. *Id.* ¶ 83. As a result, SLS requested a new loan modification packet from Plaintiff. *Id.* ¶ 100. On August 20, 2015, Plaintiff submitted a new loan modification application to SLS. *Id.* ¶ 107. Over the next couple of months, SLS continued to review and request additional financial information from Plaintiff, and Plaintiff continued to submit the same. *Id.* ¶¶ 108-119. Once a complete package was provided, SLS offered Plaintiff a HAMP loan modification trial payment plan ("TPP"), which Plaintiff accepted. *Id.* ¶ 120. After completing the TPP, Plaintiff was provided with a permanent loan modification, which included a significant principal reduction. *Id.* ¶ 128. Despite receiving an extremely beneficial loan modification, Plaintiff alleges that SLS (and SPS) violated RESPA and

4

certain Maine statutes causing her to incur "substantial actual damages," attorney's fees, emotional distress, and statutory damages. *Id. ¶¶ 186, 191, 201.* Defendants deny that Plaintiff has stated any claim upon which relief may be granted, that Defendants are liable for anything alleged in the Complaint, and that Plaintiff is entitled to recover any damages or entitled to any other relief requested in the Complaint. Nevertheless, it is apparent from the face of the Complaint that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . .").

6. It is proper for this case to be removed to this Court's district because the Superior Court of Sagadahoc County, Maine, is located within this Court's district.

7. As indicated by the attached Certificate of Service, a copy of this Notice is being served on all parties. A copy of the Notice also is being filed with the Clerk of Superior Court of Sagadahoc County.

8. Pursuant to 28 U.S.C. 1446(a), copies of all process, pleadings, and orders served on Defendants in this action are attached to this Notice as exhibits.

9. In the event that any question arises as to the propriety of this removal, Defendants request the opportunity to submit briefs and be heard at oral argument in support of its position that removal is proper.

WHEREFORE, Defendants respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove the action from the Sagadahoc County Superior Court to this Court.

Respectfully submitted,

WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF MASTR ASSET-BACKED SECURITIES TRUST 2007-NCW, MORTGAGE PASS-THROUGH CERTIFICIATES, SERIES, 2007-NCW and SPECIALIZED LOAN SERVICING LLC,

By their attorneys,

*/s/ Kevin Polansky*
Kevin Polansky (Maine Bar No. 005516)
kevin.polansky@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, MA  02109
(617) 217-4720
(617) 217-4710 (fax)

Dated: September 14, 2016

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was duly served when it was deposited into the United States Mail, first-class postage prepaid, addressed as follows:

>Andrea Bopp Stark, Esq.
>419 Alfred Street
>Biddeford, ME 04005
>
>Adam J. Shub, Esq.
>PretiFlaherty
>One City Center
>P.O. Box 9546
>Portland, ME 04112-9546

Dated:  September 14, 2016              */s/ Kevin Polansky*