IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| APRIL BENNER,<br><br>                      Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF MASTR ASSET-BACKED SECURITIES TRUST 2007-NCW, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES, 2007-NCW, SELECT PORTFOLIO SERVICING, INC., and SPECIALIZED LOAN SERVICING LLC,<br><br>                      Defendants. | Civil Action No. 2:16-cv-467-NT |

### DEFENDANTS' MOTION IN *LIMINE* TO PRECLUDE PLAINTIFF FROM ADMITTING DISCOVERY RESPONSES AT TRIAL
### (Memorandum Incorporated)

Now Come Defendants Wells Fargo Bank, N.A., as Trustee for the Certificate Holders of MASTR Asset-Backed Securities Trust 2007-NCW, Mortgage Pass-Through Certificates, Series, 2007 NCW ("Wells Fargo") and Specialized Loan Servicing LLC ("SLS") (together, "Defendants"), and hereby move in *limine* to preclude admission of Discovery Responses at trial by Plaintiff April Benner ("Plaintiff").

Under Exhibit 2 to her Pre-Trial Memorandum, Plaintiff lists SLS's Responses to Plaintiff's First Requests for Production of Documents ("RPD") and SLS's Responses to Plaintiff's Second RPDs as exhibits Plaintiff intends to offer at trial. See ECF No. 93, Exhibit 2. Responses to RPDs are not verified, certified, or sworn under oath, and therefore are inadmissible

hearsay and must be excluded at trial. See Fed. R. Evid. 801-802; see also Carroll v. Salon Del Sol, No. 7:15-CV-00497, 2017 WL 9288128, at *3 (W.D. Va. Feb. 14, 2017) (noting that party's responses to document requests were not sworn and finding such responses inadmissible under Rule 802).

Plaintiff also apparently intends to offer SLS's Answers to Interrogatories, Supplemental Answers to Interrogatories, and Wells Fargo's Answers to Interrogatories as exhibits at trial. See Dkt. No. 93 at Exhibit 2.  In their Answers to Interrogatories, Defendants have raised numerous objections that must be addressed before Plaintiff can admit SLS's answers.  By way of example, SLS raised several objections to Plaintiff's Interrogatories Nos. 3 and 8, but still provided Answers. See Exhibit 1 – *SLS's Answers to Interrogatories*; see also Exhibit 2 – *Wells Fargo's Answers to Interrogatories*; Exhibit 3 – *SLS's Supplemental Answers to Interrogatories*.  Defendants have duly preserved, valid objections in their Answers to Interrogatories, and admission of these Answers prior to the Court ruling on the objections is improper and would prejudice Defendants.

In addition, Plaintiff's attempted wholesale admission of the Defendants' Answers to Interrogatories fails to provide any prior notice of the specific Answers upon which she intends to rely and offer as evidence at trial. See Fed. R. Civ. P. 26(a)(3)(A)(iii) (requiring a party to make pretrial disclosure of any documents and exhibits the party intends to offer at trial).  Therefore, to the extent the Court is inclined to admit Defendants' Answers to Interrogatories, Defendants ask that (1) Plaintiff be required to identify the specific Answers upon which she intends to rely; and (2) the Court rule on the objections Defendants have properly raised and preserved in their Answers to Interrogatories.

WHEREFORE, Defendants respectfully request that the Court grant their motion, preclude the admission of SLS's Responses to Plaintiff's RPDs, and of Defendants' Answers to

Interrogatories unless and until the Court rules on Defendants objections, and for any other relief this Court deems just and proper.

                Respectfully submitted,

Specialized Loan Servicing LLC, and Wells Fargo Bank, N.A., as Trustee for the Certificate Holders of Mastr Asset-Backed Securities Trust 2007-NCW, Mortgage Pass Through Certificates, Series 2007-NCW,

By their attorneys,

*/s/ Kevin Polansky*
Kevin Polansky (Maine Bar No. 005516)
kevin.polansky@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, MA  02109
(617) 217-4720
(617) 217-4710 (fax)

Dated: June 8, 2018

CERTIFICATE OF SERVICE

     I, Kevin P. Polansky, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: June 8, 2018                              */s/ Kevin P. Polansky*