IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| APRIL BENNER,<br><br>                    Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF MASTR ASSET-BACKED SECURITIES TRUST 2007-NCW, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES, 2007-NCW, SELECT PORTFOLIO SERVICING, INC., and SPECIALIZED LOAN SERVICING LLC,<br><br>                    Defendants. | Civil Action No. 2:16-cv-467-NT |

**DEFENDANTS' MOTION IN *LIMINE* TO PRECLUDE ADMISSION OF AND REFERENCE TO UNAUTHENTICATED PORTION OF SPREADSHEET PRODUCED BY DISMISSED DEFENDANT**
**(Memorandum Incorporated)**

Now Come Defendants Wells Fargo Bank, N.A., as Trustee for the Certificate Holders of MASTR Asset-Backed Securities Trust 2007-NCW, Mortgage Pass-Through Certificates, Series, 2007 NCW ("Wells Fargo") and Specialized Loan Servicing LLC ("SLS") (together, "Defendants"), and hereby move in *limine* to preclude the admission of, and any reference to, at trial an undated, unauthenticated portion of a spreadsheet produced during this litigation by since-dismissed Defendant Select Portfolio Servicing, Inc. ("SPS"). *See* ECF No. 57-7 (copy of contested spreadsheet).

The spreadsheet must be excluded (along with any reference to it) for three fundamental reasons: Plaintiff necessarily cannot authenticate it, it constitutes inadmissible hearsay, and it is unduly prejudicial to admit only one page of the voluminous spreadsheet that was sent to SLS.

First, the undated portion of a larger spreadsheet cannot be authenticated because it was produced by SPS, and Plaintiff has informed Defendants they do not intend to call anyone from SPS as a witness. Without an SPS employee to testify to the authenticity of the portion of the spreadsheet, the document simply cannot be authenticated. *See* Fed. R. Evid. 901; *see also Elgabri v. Lekas*, 964 F.2d 1255, 1261 (1st Cir. 1992) ("Admission as a business record requires the testimony of the custodian or other qualified witness. This testimony is essential. Without such a witness the writing must be excluded." (internal quotations omitted)).

Plaintiff may argue in opposition that SLS's Fed. R. Civ. P. 30(b)(6) designee testified that he had seen this portion of the SPS spreadsheet in SLS's files. However, the fact that SLS may have received a copy of this portion of the spreadsheet at some point does not equate to proper authentication of the document. SLS has no personal knowledge that the proposed exhibit is what it is claimed to be, and thus there is no testimony (or other evidence) that would satisfy the requirements of Fed. R. Evid. 901. *See* Fed. R. Evid. 901(a), (b)(1). *See also Williams v. Techtronic Indus. N. Am., Inc.*, 2014 WL 2865874, at *3 (D. Mass. June 23, 2014), *aff'd*, 600 F. App'x 1 (1st Cir. 2015) (excluding report where affiant offering testimony to authenticate lacked personal knowledge). Plaintiff, therefore, was required to call as a witness at trial an SPS employee or other qualified witness in order to authenticate the document. Her failure to do so means that the spreadsheet is barred on this ground. *See, e.g., Acosta-Mestre v. Hilton Int'l of Puerto Rico, Inc.*, 156 F.3d 49, 57 (1st Cir. 1998) (affirming exclusion of unauthenticated evidence).

Even if the document could be properly authenticated, it cannot be admitted for a second reason: it constitutes impermissible hearsay. *See* Fed. R. Evid. 801-803; *United States v. De Jongh*, 937 F.2d 1, 5 n.7 (1st Cir. 1991). For example, Plaintiff necessarily cannot lay a foundation for admission of the document as a business record in the absence of testimony from an SPS employee. *See* Fed. R. Evid. 803(6). The rule requires that the three required conditions thereunder be "shown by the testimony of the custodian or other qualified witness." *See* Fed. R. Evid. 803(6)(D). SLS could not serve as a qualified witness to do so. *See*, *e.g.*, *United States v. Petrillo*, 2016 U.S. Dist. LEXIS 112329, at *12 (D.N.H. Aug. 23, 2016) (noting that employee of Equifax was "not in a position to provide the required testimony under Rule 803(6)(A)-(C) and thus does not qualify under Rule 803(6)(D)" where evidence at issue was created by or pertained to events at Walmart, even where that evidence was subsumed into Equifax's records).[1]

Plaintiff also may argue that she intends to introduce the deposition testimony of SPS's corporate designee under Fed. R. Civ. P. 32 to lay the foundation for the admission of the spreadsheet. Even assuming *arguendo* that a party may rely solely on deposition testimony to admit a contested exhibit at trial, SPS's designee's testimony cannot support admission of the spreadsheet, whether as a business record or otherwise. For example, the SPS designee had just requested and reviewed the spreadsheet the evening before the deposition, she did not know when it was created or when it was sent to SLS, she did not even know the name of the spreadsheet, and (most critically) any and all information she had concerning the spreadsheet and its contents came

---

[1] To the extent Plaintiff claims that SPS's records were later integrated into SLS's records and thus SLS may be able to lay a foundation for SPS's records, this argument is a nonstarter. As was the case in *United States v. Petrillo*, Plaintiff "has not offered [SPS] business records, 'incorporated' into [SLS's] records, or in [SLS's] custody." *United States v. Petrillo*, 2016 U.S. Dist. LEXIS 112329, at *12-13. Rather, she has offered a document created and produced by SPS only. *See* ECF No. 57-7. In any event, SLS assures the Court that it cannot possibly testify to the conditions required under Rule 803(6) as it relates to the spreadsheet.

from information conveyed to her by other employees at SPS—namely, the "Boarding Department"—not from her personal knowledge. *See* ECF No. 60-9, pp. 227-231. Thus, the SPS designee admitted that she had absolutely no personal knowledge concerning the document, how it was created, how it was stored, etc. *Id*. As such, counsel for the Defendants moved to strike substantial portions of her testimony concerning the spreadsheet. *Id*., p. 231. Accordingly, her deposition testimony would not satisfy either Fed. R. Evid. 901 or 803(6).

Finally, the fact that the document cannot be authenticated and would constitute impermissible hearsay is exacerbated by a third problem: Plaintiff seeks to introduce only a portion of the spreadsheet that was sent by SPS that related to 2,450 loans. If Plaintiff wishes to argue that SLS should have read this portion and interpreted to mean that a modification review was pending, and should have followed up with SPS concerning the same, it would be utterly unfair to allow Plaintiff to mislead the jury into believing that SLS was sent the portion as a stand-alone document rather than a very small portion of a large spreadsheet that related to the transfer of 2,450 loans from SPS to SLS. This would impermissibly take the document out of its proper context and greatly and unfairly prejudice Defendants. The document must be excluded on this additional basis. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, . . . .").

As a final note, Defendants respectfully request that this Court decide this as a threshold issue rather than addressing it as it arises at trial. The reason for the request is that Defendants believe it likely that Plaintiff's counsel will attempt to indicate in opening statements that a review was pending at the time of transfer. The spreadsheet is Plaintiff's only purported proof for this

assertion.  Even if the spreadsheet is thereafter excluded as Defendants submit that it must be, the bell cannot be unrung on counsel's statements.

WHEREFORE, Defendants respectfully request that the Court grant their motion, preclude the admission of the spreadsheet as an exhibit at trial, and preclude counsel from referencing the spreadsheet in any way, and for any other relief the Court deems just and proper.

                              Respectfully submitted,

                              Specialized Loan Servicing LLC, and
Wells Fargo Bank, N.A., as Trustee for the Certificate Holders of Mastr Asset-Backed Securities Trust 2007-NCW, Mortgage Pass Through Certificates, Series 2007-NCW,

By their attorneys,

/s/ Kevin Polansky
Kevin Polansky (Maine Bar No. 005516)
kevin.polansky@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, MA  02109
(617) 217-4720
(617) 217-4710 (fax)

Dated: June 8, 2018

CERTIFICATE OF SERVICE

I, Kevin P. Polansky, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: June 8, 2018                                                  /s/ Kevin P. Polansky