UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

APRIL BENNER
                PLAINTIFF

v.                                                Civil Action No. 2:16-cv-467-NT

WELLS FARGO BANK, N.A., AS
TRUSTEE FOR THE CERTIFICATE
HOLDERS OF MASTR ASSET-BACKED
SECURITIES TRUST 2007-NCW,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES, 2007-NCW,
SELECT PORTFOLIO SERVICING,
INC., and SPECIALIZED LOAN
SERVICING, LLC
                DEFENDANTS

## PLAINTIFF'S MOTION IN LIMINE FOR PROTECTION

NOW COMES the Plaintiff, April Benner (the "Plaintiff" or "Ms. Benner"), by and through her undersigned counsel, and files this Plaintiff's Motion in Limine for Protection (the "Motion"). The Plaintiff Moves for protection from Defendants Wells Fargo Bank, N.A., as Trustee for the Certificate Holders of MASTR Asset-Backed Securities Trust 2007-NCW, Mortgage Pass-Through Certificates, Series, 2007 NCW ("Wells Fargo") and Specialized Loan Servicing, LLC ("SLS") (together, "Defendants"), calling Plaintiff's attorney Andrea Bopp Stark, Esq. ("Attorney Bopp Stark"), as a witness at trial. Further, the Plaintiff Moves to exclude any emails sent by Attorney Bopp Stark from being introduced by Defendants as evidence at trial. The "relevant time period," as the phrase is used in this Motion, refers to May 29, 2015, through November 24, 2015, inclusive. In support of this Motion the Plaintiff states as follows:

"Whenever an adversary declares his intent to call opposing counsel as a witness, prior to ordering disqualification, court should determine whether the counsel's testimony is in fact

genuinely needed." *Connell v. Clairol, Inc.*, 440 F. Supp. 17, 18 (N.D. Ga. 1977). This is a critical consideration for the Court to undertake, as in almost all circumstances an attorney deemed a necessary witness is required by the applicable rules of professional conduct to withdraw from the matter in which they are to be called as a witness. *See* Maine Rule of Professional Conduct 3.7, which states that "[a] lawyer shall not act as advocate at a tribunal in which the lawyer is likely to be a **necessary** witness" (emphasis added), and providing only limited exceptions to the prohibition. The First Circuit has previously provided guidance for trial courts to follow in evaluating requests by a party to call opposing counsel as a witness. "Among the appropriate factors for consideration by the trial court are the following: whether (i) the subpoena was issued primarily for purposes of harassment, (ii) **there are other viable means to obtain the same evidence**, and (iii) to what extent the information sought is relevant, nonprivileged, and crucial to the moving party's case." *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir. 2003) (emphasis added). *See also Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) (on the limited circumstances in which one party may take the deposition of opposing trial counsel: "(1) **no other means exist to obtain the information** than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." (emphasis added) (internal citation omitted)). Defendants' attorney has indicated that the intent to call Attorney Bopp Stark as a witness at trial concerns emails exchanged between Attorney Bopp Stark and the Plaintiff's HUD-Certified Housing Counselor, Jason Thomas ("Mr. Thomas"). Mr. Thomas is included on both the Plaintiff's and Defendants' lists of intended witnesses for trial (Doc. #s 92 and 93-1), so Defendants' counsel will have sufficient opportunity to question him about said emails if he so chooses. Defendants thus have other means to obtain information regarding the email

communications between Attorney Bopp Stark and Mr. Thomas; therefore, Attorney Bopp Stark is not a necessary witness.

The First Circuit has previously concluded that "the procurement of trial testimony from opposing counsel is generally disfavored." *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d at 66. The rationale for such a rule is straightforward: the importance of the attorney-client privilege. "The attorney–client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id.* The Federal Rules of Evidence provide that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. The Maine Rules of Evidence provide very limited exceptions to the attorney-client privilege:

> (d) Exceptions. The lawyer-client privilege is subject to the following exceptions:
> (1) Furtherance of Crime or Fraud. The lawyer-client privilege does not apply if the client sought or obtained the lawyer's services to help a person plan or commit what the client knew or reasonably should have known was a crime or fraud.
> (2) Claimants Through Same Deceased Client. The lawyer-client privilege does not apply to any communication relevant to an issue between parties who claim through the same deceased client.
> (3) Breach of Duty by Lawyer or Client. The lawyer-client privilege does not cover any communication relevant to an issue of the lawyer's breach of a duty to the client, or of the client's breach of a duty to the lawyer.
> (4) Document Attested by Lawyer. The lawyer-client privilege does not apply to a communication relevant to an issue about a document to which the lawyer is an attesting witness.
> (5) Joint Clients. When a communication is offered in an action between clients who were represented jointly by the lawyer, the lawyer-client privilege does not protect that communication if it is relevant to a matter of common interest between clients, and if the communication was made by any one of the clients to the lawyer retained or consulted as part of a joint representation.
> (6) Public Officer or Agency. The lawyer-client privilege does not apply to communications between a public officer or agency and its lawyers. However, if the court determines that disclosure will seriously impair the public officer's or agency's ability to process a claim or carry out a pending investigation, litigation, or

>proceeding in the public interest, the lawyer-client privilege will apply to communications concerning the pending investigation, claim, or action.

Me. R. Evid. 502(d). Defendants have thus far not claimed that their intent to call Attorney Bopp Stark as a witness at trial falls under any of the limited exceptions provided for under the Maine Rules of Evidence, nor does such an exception exist in the instant case.

Permitting Defendants to call Attorney Bopp Stark as a witness at trial would also establish a bad precedent that would have a chilling effect on communications between attorneys and clients and would hinder the ability of attorneys to zealously advocate on their client's behalf. While defending against a foreclosure filed against her by Wells Fargo, Ms. Benner sought and obtained the assistance of both a housing counselor, Mr. Thomas, and an attorney, Attorney Bopp Stark. Attorney Bopp Stark and Mr. Thomas worked in concert with Ms. Benner through Maine's Foreclosure Diversion Program to assist Ms. Benner in obtaining a loan modification that would allow the Plaintiff and her children to remain in their home. Such circumstances, in which a consumer facing foreclosure enlists the aid of both a housing counselor and an attorney, are not atypical in Maine. An attorney defending a client in a foreclosure action should not need to temper their communications with the client's housing counselor for fear that they may be called as a witness in a subsequent legal action should the need for such a subsequent action arise, as it did here.

The above-captioned matter was filed by Ms. Benner for the violations of the Real Estate Settlement Procedures Act ("RESPA") and Regulation X, the Maine Consumer Credit Code, and the Maine Unfair Trade Practices Act committed against her by Defendants while Ms. Benner was defending against a foreclosure action filed by Wells Fargo and at the same time applying for a loan modification that would allow her and her children to stay in their home, and the damages Ms. Benner suffered as a result of same. If Defendants are allowed to call Attorney Bopp Stark as a

witness at trial, it will open the door to other consumer attorneys being called as witnesses at trial under similar circumstances. Exposing attorneys representing consumer plaintiffs to the threat of being called as witnesses at trial, as Defendants are attempting to do here, would leave consumer plaintiffs like Ms. Benner with a series of unfavorable options. They could attempt to retain new legal representation for any consumer protection violations they suffered during the foreclosure and/or loss mitigation application process, requiring the consumer to in essence start anew with a lawyer unfamiliar with their case. The consumer could also forgo bringing claims for violations of RESPA/Regulation X, the Consumer Credit Code, the Unfair Trade Practices Act, and other state and federal consumer protection statutes, allowing the damages suffered for misconduct such as that committed by Defendants against Ms. Benner to remain uncompensated. Otherwise, consumers would run the very real risk of their attorney being called as a witness at trial and possibly needing to withdraw from the representation, in compliance with the rules of professional conduct discussed above. Defendants' late timing in the instant case, revealing for the first time at the pretrial stage of proceedings their intention to call Plaintiff's attorney as a witness, is another tactic likely to be repeated by creditors in future consumer protection actions if it is permitted to stand.

      This last-minute surprise by Defendants is yet another reason why the protection moved for herein should be granted. Defendants served their Fed. R. Civ. P. 26(a)(1) Initial Disclosures on the Plaintiff through the parties' respective attorneys on or around November 30, 2016. Defendants did not list Attorney Bopp Stark among the "individual[s] likely to have discoverable information" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i). Nor did Defendants add Attorney Bopp Stark to the same list by supplementing their disclosures pursuant to Fed. R. Civ. P. 26(e). Fed. R. Civ. P. 37 provides the following penalty for failure to comply with the disclosure requirements under Fed. R. Civ. P. 26(a)&(e): "If a party fails to provide information or identify a witness as required by Rule 26(a) or

(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Defendants were parties to and participated in the foreclosure action against Ms. Benner that preceded the instant case, and so had actual knowledge that Mr. Thomas was the Plaintiff's housing counselor and Attorney Bopp Stark was the Plaintiff's attorney; furthermore, the Plaintiff voluntarily produced the email exchanges between Attorney Bopp Stark and Mr. Thomas during discovery that Defendants' attorney has now indicated are what he would ask Attorney Bopp Stark about should Defendants be permitted to call her as a witness at trial. Despite this, Defendants never supplemented their disclosures to add Attorney Bopp Stark as a possible witness. A primary purpose of Rule 26's disclosure requirements "is to avoid trial by ambush," *Macaulay v. Anas*, 321 F.3d 45, 50 (1st Cir. 2003). The First Circuit's choice of words is a perfect way of describing Defendants' revelation at the pretrial stage of the above-captioned matter that they intended to call Attorney Bopp Stark as a witness at trial: ambush. Defendants had ample time to disclose their intent to the Plaintiff, but instead held back this information until the case was close to trial. To allow Defendants to add Attorney Bopp Stark as a witness now, when this intent was not previously disclosed, is extremely prejudicial to the Plaintiff and should not be permitted. Defendants should be sanctioned pursuant to Fed. R. Civ. P. 37(c)(1) and denied the use of Attorney Bopp Stark as a witness at trial.

  Furthermore, the Plaintiff Moves to exclude emails sent by Attorney Bopp Stark from being introduced by Defendants as evidence at trial. Said emails are irrelevant to the claims or defenses of any of the Parties to the above-captioned matter and should be excluded pursuant to the relevancy requirement of Fed. R. Evid. 402. Most of the emails sent by Attorney Bopp Stark that Defendants

have included among their intended exhibits were sent outside of the relevant time period.[1] In addition to being irrelevant to any party's claims or defenses in the instant case, many of those emails are communications regarding possible settlement of the claims now at issue in the above-captioned matter and should also be excluded pursuant to Fed. R. Evid. 408. Discussing Rule 408, the United States Court of Appeals for the First Circuit stated the following: "[t]he exclusion of evidence of settlement offers is justifiable on two grounds. First, the rule illustrates Congress' desire to promote a public policy favoring the compromise and settlement of claims by insulating potential litigants from later being penalized in court for their attempts to first resolve their dispute out of court. Second, such evidence is of questionable relevance on the issue of liability or the value of a claim, since settlement may well reflect a desire for peaceful dispute resolution, rather than the litigants' perceptions of the strength or weakness of their relative positions." *McInnis v. A.M.F., Inc.*, 765 F.2d 240, 247 (1st Cir. 1985); *see also Fiberglass Insulators, Inc. v. Dupuy*, 856 F.2d 652, 654 (4th Cir. 1988) ("Federal Rule of Evidence 408 is broader than the common law exclusionary rule in many jurisdictions and excludes from evidence all statements made in the course of settlement negotiations."); *Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1364 (10th Cir. 1987) ("when the issue is doubtful, the better practice is to exclude evidence of compromises or compromise offers."). The Plaintiff therefore Moves pursuant to Rules 402 and 408 that all emails sent by Attorney Bopp Stark outside of the relevant time period, including but not limited to those emails that in any way concern possible settlement, be excluded and that Defendants be precluded from using said emails as evidence at trial.

      Furthermore, those emails that were sent during the relevant time period do not contain evidence relevant to any claims or defenses in the instant case. Emails sent by Attorney Bopp Stark

---

[1] The Plaintiff refers the Court to and incorporates herein her Motion in Limine to Exclude Reference to or Evidence of Events Occurring Before May 29, 2015, or After November 24, 2015.

to Mr. Thomas asking if he has received certain documents from the Plaintiff that were requested by Defendants, for example, is not relevant to a determination of Defendants' misconduct toward the Plaintiff in processing her loss mitigation applications, particularly where there is no dispute of fact as to the requests that were made by Defendants, the documents and other information that were submitted to Defendants by the Plaintiff, or the timing of said requests and submissions. Additionally, assuming *arguendo* that said emails sent by Attorney Bopp Stark to Mr. Thomas were determined relevant, they should still be excluded pursuant to Fed. R. Evid. 403 as wasting time and needlessly presenting cumulative evidence, as emails sent by Mr. Thomas and/or Defendants' now-former attorneys during the relevant time period contain much and more of the same information. Any emails sent by Attorney Bopp Stark are therefore unnecessary as evidence at trial. Attached to this Motion for the Court's convenience and review are the emails that Defendants have indicated they intend to offer as exhibits at trial as well as additional emails included by Defendants in their pretrial list of intended exhibits. The Plaintiff is seeking to exclude any and all of the attached emails sent by Attorney Bopp Stark. Where an intended exhibit of Defendants includes multiple emails (what is often termed an "email chain"), the Plaintiff is only Moving to exclude those emails sent by Attorney Bopp Stark, not the entire email chain.

      WHEREFORE, for the reasons stated herein, the Plaintiff respectfully requests that the Court GRANT this Plaintiff's Motion in Limine for Protection and—absent a showing by Defendants that one of the limited exceptions under the Maine Rule discussed above applies in the instant case—prohibit Defendants from calling Attorney Bopp Stark as a witness at trial, exclude any emails sent by Attorney Bopp Stark from being introduced by Defendants as evidence at trial, and grant such other and further relief as the Court deems just and appropriate.

Dated at Portland, Maine, this 8th day of June, 2018.

        April Benner
        Plaintiff

        By: */s/ Christopher J. Keach*
        Christopher J. Keach, Esq.
        Andrea Bopp Stark, Esq.
        **MOLLEUR LAW OFFICE**
        *Attorneys for Plaintiff*
        419 Alfred Street
        Biddeford, ME 04005
        Phone: (207) 283-3777
        Fax: (207) 283-4558
        Chris@molleurlaw.com
        andrea@molleurlaw.com

        Gary Goldberg, Esq.
        **TERRY GARMEY & ASSOCIATES**
        *Attorneys for Plaintiff*
        482 Congress Street, Suite 402
        Portland, ME  04101-3424
        (207) 899-4644
        ggoldberg@garmeylaw.com

## CERTIFICATE OF SERVICE

I, Susan Black, hereby certify that I am over eighteen years old and caused a true and correct copy of Plaintiff's Motion in *Limine* For Protection to be served on the parties per the Court's ECF System on June 8, 2018.

Dated at Biddeford, Maine, this 8th day of June, 2018.

MOLLEUR LAW OFFICE

By: __/s/ *Susan Black*__
Susan Black, Paralegal
419 Alfred Street
Biddeford, ME 04005-3747
207-283-3777
207-283-4558 Fax
susan@molleurlaw.com

## SERVICE LIST

**Via electronic service:**

Kevin P. Polansky, Esq. (Wells Fargo Bank NA & Specialized Loan Servicing, LLC)